```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RICHARD ROGUE,                    :
       Plaintiff,                 :
                                  :              PRISONER
     v.                           :     Case No. 3:11-cv-1995 (JBA)
                                  :
JULIO DIEZ, et al.,               :
       Defendants.                :
```

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). He names as defendants Bridgeport Police Officers Julio Diez, Jimenez Aurie and Rob Bruno and the Municipality of Bridgeport.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Rogue alleges that he is a disabled individual. The defendants used excessive force against him beating and kicking him and using a taser. Rogue states that he was arrested on June 13, 2010. The court assumes that the excessive force occurred on that date. Rogue seeks damages for violation of Title II of the Americans with Disabilities Act as well as his First, Eighth and Fourteenth Amendment rights.

Rogue brings a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the Services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, the RA prohibits discrimination "solely by reason of her or his disability." 29

U.S.C. § 794(a).  Thus, the plaintiff must allege facts suggesting that he was discriminated against because he was disabled.

Rogue does not identify his disability or any program, service or activity for which he was denied benefits.  He concludes his rights were violated because excessive force allegedly was used against him and he claims to be disabled.  This conclusion is insufficient to state a plausible claim for violation of the ADA or RA.  Accordingly, these claims are dismissed.

The case will proceed on Rogue's excessive force claims.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  All ADA and RA claims are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).

(2)  **The Pro Se Prisoner Litigation Office shall** mail waiver of service of process request packets to defendants Diez, Aurie and Bruno c/o the Bridgeport Police Department, 300 Congress Street, Bridgeport, Connecticut 06604 by 2/23/12.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on 3/30/12.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service

by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on defendant City of Bridgeport and the remaining defendants in their official capacities c/o Bridgeport Town Clerk, City Hall, 45 Lyon Terrace, Bridgeport, Connecticut 06604, 2/23/12 and to file a return of service by 3/1/12.

(4)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, by 4/19/12.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by 9/9/12.  Discovery requests need not be filed with the court.

(7)  All motions for summary judgment shall be filed by 10/9/12.

(8)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 9th day of February 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge